**CREIGHTON OMAHA REGIONAL HEALTH CARE CORPORATION, a Nebraska nonprofit corporation, Appellee,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellant.**

**CREIGHTON OMAHA REGIONAL HEALTH CARE CORPORATION, a Nebraska nonprofit corporation, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.**

Nos. 91–1449, 91–1450.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1991.

Decided Dec. 2, 1991.

**564**

Jamie G. Crawford, Kansas City, Mo., argued, for appellant, Paul W. Madgett, Omaha, Neb. on the brief.

Lyman L. Larsen, Omaha, Neb., for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and ROSS, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

The Secretary of Health and Human Services (the "Secretary") and Creighton Omaha Regional Health Care Corporation (the "Hospital") both appeal from the district court's decision regarding the reimbursement of expenses the Hospital claimed it incurred in caring for Medicare patients. We affirm in part and reverse in part.

I.

Until its sale in 1984, the Hospital participated in the Medicare program. Under Medicare, the Secretary reimburses a health care provider (provider) for that portion of a provider's costs allocable to services rendered to Medicare patients. Reimbursable costs include interest on construction financing, 42 C.F.R. § 413.153(a)(1), and depreciation on a provider's assets, 42 C.F.R. § 413.134(a) (formerly codified at 42 C.F.R. § 415).

The Hospital financed its construction with a loan at nine percent interest. The Department of Health, Education and Welfare, now the Department of Health and Human Services (DHHS), paid one third of the interest, remitting it directly to the creditor. Nonetheless the Hospital claimed the full nine percent as interest expense, and the Secretary reimbursed the Hospital accordingly. An "Intermediary" (a private company acting as the government's agent in administering the Medicare program), however, determined that the Hospital should not have been reimbursed for the portion of the interest which the DHHS paid. The Intermediary therefore offset that portion against the interest expense the Hospital claimed, reducing the Hospital's reimbursable interest expense from the claimed nine percent to six percent.

The Secretary also reimbursed the Hospital for the depreciation on the Hospital's assets. When a provider sells a depreciable asset, however, the Secretary "recaptures" past depreciation payments to the

extent of any "gain" on the sale, i.e., to the extent the sale price exceeds the asset's net book value. When the Hospital was sold in 1984, the Intermediary found that the Hospital's sale price exceeded its net book value, and therefore recaptured the depreciation expense reimbursements to the extent of the Hospital's gain.

The Hospital sought administrative review of the Intermediary's decisions. When that review procedure was exhausted, the Hospital appealed to the district court. The district court approved the recapture of depreciation reimbursements, but disapproved the offset of the interest expense. The Secretary appeals from the district court's interest offset decision, and the Hospital cross-appeals from the depreciation recapture decision.

## II.

The Secretary reimburses a provider for the "reasonable cost" of caring for Medicare patients. 42 U.S.C. § 1395f(b)(1). Reasonable cost is defined as "the cost actually incurred." 42 U.S.C. § 1395x(v)(1)(A). The Secretary reimburses providers for depreciation, but "[i]f disposal of a depreciable asset results in a gain or loss, an adjustment is necessary in the provider's allowable cost." 42 C.F.R. § 413.134(f)(1).

Our review of the Secretary's interpretation of his own regulations is limited. We may not set aside the Secretary's interpretation

> unless it is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with the law. An administrative agency's interpretation of its own regulations deserves considerable deference. A reviewing court should not reject [a] reasonable administrative interpretation even if another interpretation may also be reasonable. An agency interpretation, however, that is plainly erroneous or inconsistent with the regulation must be reversed.

*Creighton Omaha Regional Health Care Corp. v. Bowen,* 822 F.2d 785, 789 (8th Cir.1987) (citations omitted).

## III.

We first address the recapture of claimed depreciation expenses. If an asset's market value has not declined as much as the depreciation allowance, the Secretary recaptures the difference. The Secretary argues that this approach is not arbitrary because he is only obligated to pay for actual costs. To the extent an asset has not lost value, the Secretary maintains, the provider has not incurred an actual cost.

The majority of circuits addressing this issue agree with the Secretary. *Professional Medical Care Home, Inc. v. Harris,* 644 F.2d 589 (7th Cir.1980); *Stewards Found. v. United States,* 228 Ct.Cl. 89, 654 F.2d 28 (1981) (adopting analysis in *Professional Medical* ). *See also Hoodcroft Convalescent Center, Inc. v. New Hampshire, Div. of Human Servs.,* 879 F.2d 968 (1st Cir.1989) (considering the analogous Medicaid recapture policy), *cert. denied,* 493 U.S. 1020, 110 S.Ct. 720, 107 L.Ed.2d 740 (1990). *But see Mercy Community Hosp. v. Heckler,* 781 F.2d 1552 (11th Cir. 1986) (Secretary's approach is not reasonable because a provider incurs an actual cost whenever an asset is used). In *Professional Medical,* the court reasoned that depreciation is necessarily an inexact estimate of an asset's consumption, so it is difficult to determine whether a cost has actually been incurred. The court concluded that it is a valid implementation of the statute to recapture the difference between the sale price and the net book value, even though this gain may be due to inflation or market forces. 644 F.2d at 593–94.

We agree that the Secretary's interpretation is valid. Since the Secretary is only obligated to pay for "costs actually incurred," he may properly recapture claimed depreciation expenses where the value of the assets has not in fact declined. Moreover, attempting to distinguish the effect of actual consumption on an asset's value from the effects of inflation and market forces "would pose formidable administrative difficulties." *Hoodcroft,* 879 F.2d at 974. Because of these difficulties, we find it reasonable for the Secretary not to refer

**566**

to inflation or market forces when calculating what depreciation costs a provider has actually incurred.

## IV.

The Hospital argues that the interest paid by the DHHS should not offset the Hospital's claimed interest expense. The Hospital places great emphasis on 42 C.F.R. section 405.423, which was repealed for cost reporting periods after October 1, 1983. That regulation authorized the Secretary to offset against claimed interest expense any grants designated to cover specific operating costs. The district court found that the DHHS subsidy was the equivalent of a grant and that the repeal of this regulation indicated that the subsidy should not be offset against the Hospital's interest expense.

Section 405.423, however, was repealed in order not to discourage *"private* philanthropy." 48 Fed.Reg. 39,798 (1983) (emphasis added). Since the regulation's repeal was directed at private financing, not public financing, we find that the repeal does not indicate an intent to prohibit the Secretary from offsetting funds from public sources.

The Secretary properly offset the portion of the interest which the DHHS paid against the Hospital's claimed interest expense. Although the Hospital was contractually obligated to pay all the interest, it did not in fact pay the subsidized portion. As to that portion, then, the Hospital did not incur an actual cost under 42 U.S.C. section 1395x(v)(1)(A), for the simple reason that no payment was ever made. Were we to hold otherwise, the government would pay the Hospital twice for the same expense: once when the DHHS paid the creditor, and again when Medicare reimbursed the Hospital.

We affirm the judgment of the district court as to the recapture of depreciation expenses, reverse as to the interest offset, and remand for entry of judgment in accordance with this opinion.